Considered by MORRIS, SIEFKIN, and SMITH.

---

THOMASTON COTTON MILLS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10913.   Promulgated September 12, 1927.

Under section 1207 of the Revenue Act of 1926, invested capital at the beginning of the taxable year was properly reduced by the prorated amount of income and profits taxes for the preceding year and by the entire amount of additional income and profits taxes for years prior to that immediately preceding the taxable year.

*W. W. Spalding, Esq.,* for the petitioner.
*A. H. Fast, Esq.,* for the respondent.

This is a proceeding for the redetermination of deficiencies in income and profits taxes of $18,046.64 for 1920 and $68,018.19 for 1921. The deficiency for 1920 results in part from the action of the respondent in reducing the petitioner's invested capital for that year by $78,295.09, representing 1919 prorated income and profits taxes, and by $215,733.49, representing the entire amount of additional income and profits taxes due for 1917 and 1918. The deficiency for 1921 results in part from the respondent having reduced invested capital for that year by $37,470.62, representing 1920 prorated income and profits taxes, and by $144,392.72, representing the entire amount of additional income and profits taxes due for the years 1916, 1917, and 1919.

No testimony was introduced by either side. The case was submitted on an agreed statement of facts, from which we make the following

FINDINGS OF FACT.

In the determination of petitioner's income and profits tax liability for 1920, invested capital was a material factor. In computing petitioner's invested capital for that year respondent deducted therefrom $78,295.09, representing 1919 income and profits taxes prorated on the basis of the four installment dates of payment in 1920; and $215,- 733.49, representing the entire amount of 1917 and 1918 additional income and profits taxes, which had not been finally determined or assessed in 1920, but which were thereafter finally determined and assessed by respondent and paid by petitioner.

Invested capital was also a material factor in computing the 1921 income and profits tax liability, and in the computation of petitioner's invested capital for that year respondent deducted therefrom $37,470.62, representing 1920 income and profits taxes prorated on the basis of the four installment dates of payment in 1921; and $144,- 392.72, representing the entire amount of 1916, 1917, and 1919 additional income and profits taxes, which had not been finally determined or assessed in 1921, but which were thereafter finally determined and assessed by respondent and paid by petitioner.

OPINION.

TRAMMELL: The only error assigned by the petitioner is the reduction of invested capital for 1920 and 1921 on account of income and profits taxes for preceding years.

Section 1207 of the Revenue Act of 1926 is applicable and controlling here. The petitioner's contention must therefore be denied. *Appeal of Russel Wheel & Foundry Co.*, 3 B. T. A. 1168; *Appeal of B. F. Boyer Co.*, 4 B. T. A. 180; *Appeal of Randall Brothers, Inc.*,

4 B. T. A. 291; *Appeal of Chicago Railway Equipment Co.*, 4 B. T. A. 452; *Appeal of Manville Jenckes Co.*, 4 B. T. A 765; *Appeal of Herald-Despatch Co.*, 4 B. T. A. 1096; *Appeal of Henderson Cotton Mills*, 4 B. T. A. 1212; *E. B. Crabtree Co.* v. *Commissioner*, 5 B. T. A. 732; *Appeal of Harriet Cotton Mills*, 5 B. T. A. 734; *The Gazette Co.* v. *Commissioner*, 6 B. T. A. 1016.

*Judgment will be entered for the respondent.*

Considered by SIEFKIN, MORRIS, and SMITH.